UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARISOL RIVERA,

                Plaintiff,

v.                                                       1:16-CV-0454
                                                              (GTS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

MARISOL RIVERA
 *Pro Se*
P.O Box 637
Plattekill, NY 12568

U.S. SOCIAL SECURITY ADMIN.                 DAVID B. MYERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Marisol Rivera ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 15, 16, 17.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion for judgment on the pleadings is granted. The Commissioner's decision denying Plaintiff's disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

I.      RELEVANT BACKGROUND

   A.      Factual Background

Plaintiff was born in 1962, making her 50 years old at the alleged onset date and 51 years old at the date of the ALJ's decision. Plaintiff reported completing the 8th grade. Plaintiff has past work as a housekeeper/cleaner, institutional cook, and personal care aide. Generally, Plaintiff alleges disability due to limited mobility, lumbar pain, cervical pain, diabetes, high blood pressure, high cholesterol, and obesity.

   B.      Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on June 13, 2014, alleging disability beginning February 11, 2013. Plaintiff's applications were initially denied on October 3, 2013, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a video hearing before ALJ Michael A. Rodriquez on August 5, 2014. On November 7, 2014, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 8-14.)[1] On December 30, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-4.)

   C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 10-14.) First, the ALJ found that Plaintiff is insured for disability benefits under Title II until December 31, 2017. (T. 10.) Second, the ALJ found that Plaintiff

---

[1]      The Administrative Transcript is found at Dkt. No. 10. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

has not engaged in substantial gainful activity since the alleged onset date. (*Id.*) Third, the ALJ found that Plaintiff's degenerative joint disease of the lumbar and cervical spine, diabetes mellitus, vitamin D deficiency, hypertension, obesity, and spinal neoplasm are severe impairments. (*Id.*) Fourth, the ALJ found that Plaintiff's severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). (T. 10-11.) Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is capable of lifting and carrying occasionally 20 pounds (10 pounds frequently), and standing, walking, and sitting 6 hours during an 8-hour workday except no climbing ropes, ladders, and scaffolds, limited to occasional kneeling and crouching but no crawling; and limited to frequent reaching (overhead/distance and direction), frequent dexterity/fingering (fine manipulation) and frequent grip/handling (gross manipulation).

(T. 11.) Sixth, and finally, the ALJ found that Plaintiff remains able to perform her past relevant work as a cleaner/housekeeper both as generally performed and as actually performed, and therefore is not disabled. (T. 13-14.)

### D. The Parties' Briefings on Their Cross-Motions

Plaintiff, proceeding *pro se*, did not file a formal brief in support of her motion for judgment on the pleadings. However, she did submit multiple opinion statements from treating neurosurgeon Michael Cho, M.D., that this Court construed as Plaintiff's brief for these purposes. (Dkt. Nos. 15, 16.) Plaintiff submitted statements from Dr. Cho completed in September 2014, May 2015, October 2015, April 2016, and November 2016. (Dkt. Nos. 15, 16) All of these contain essentially the same opined limitations, namely that Plaintiff is "very

3

limited" in her abilities to walk, stand, sit, lift, carry, push, pull, bend, see, hear, speak, and climb, as well as "moderately limited" in her ability to use her hands. (*Id*.)

Generally, Defendant argues that the statements from Dr. Cho that Plaintiff submitted in lieu of a memorandum do not warrant remand. (Dkt. No. 17, at 5-10 [Def. Mem. of Law].) More specifically, Defendant argues that these statements are not new because they provide little more information than the opinion from Dr. Cho that was before the ALJ, that they are not material because some of them are from after the date of the ALJ's decision and there is no indication that any of these reports would have influenced the ALJ or the Appeals Council to reach a different conclusion, and that there is no good reason as to why Plaintiff failed to submit the opinions from the relevant period at an earlier stage of the appeal process. (*Id*.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an

> impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

After carefully considering the question of whether the evidence submitted for the first time to this Court merits remand for consideration by the Agency, the Court answers in the negative for the reasons stated in Defendant's memorandum in support of her motion for judgment on the pleadings. (Dkt. No. 17, at 5-10 [Def. Mem. of Law].) To those reasons, the Court adds the following discussion.

"A remand pursuant to sentence six of [42 U.S.C.] section 405(g) is warranted if new, non-cumulative evidence proffered to the district court should be considered at the agency level." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 217 (N.D.N.Y. 2009) (citing *Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991)). However, in order to qualify for a remand on this basis, the evidence must be new, material, and there must have been "good cause

for the failure to incorporate such evidence into the record in a prior proceeding." *Davidson v. Colvin*, No. 1:12-CV-0316, 2013 WL 5278670, at *5 (N.D.N.Y. Sept. 18, 2013) (quoting 42 U.S.C. § 405(g) (sentence six)). All three prongs of this test must be met to warrant a remand pursuant to sentence six of 42 U.S.C. § 405(g). First, evidence is "new" where it is "not merely cumulative of evidence in the administrative record." *Davidson*, 2013 WL 5278670, at *5 (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (citations omitted)). Second, evidence is "material" where it is "relevant to the claimant's condition during the time period for which benefits were denied and probative" and "there is a reasonable possibility that the new evidence would have materially changed the outcome before the Commissioner." *Id.* (citing *Tirado*, 842 F.2d at 597) (citations omitted); *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991)). Lastly, Plaintiff must demonstrate that there was good cause for failing to present the evidence at an earlier stage of the adjudication of her claim. *Id.* (citing *Lisa*, 940 F.2d at 43).

Defendant argues that the more recent opinions from Dr. Cho that Plaintiff submitted for the first time to this Court meet none of the above criteria. Each will be discussed in turn.

First, Defendant argues that these opinion were not "new" because they did not provide any new information from that which was contained in the opinion Dr. Cho provided in January 2014, an opinion that was in the record before the ALJ. (Dkt. No. 17, at 7 [Def. Mem. of Law].) Defendant argues that these opinions are essentially cumulative of the January 2014 opinion because that opinion was more functionally specific than the more recent opinions, and the ALJ would not have been able to glean anything additional from the new reports. (*Id*.) As noted above, evidence is considered to be "new" under the law in this context where it is not cumulative of other evidence in the record. *Davidson*, 2013 WL 5278670, at *5. Typically, evidence is found to be cumulative where the same or very similar evidence already exists in the

7

record. While the January 2014 opinion differs from the opinions Plaintiff now submits to this Court, Defendant is correct in noting that not only is the January 2014 opinion more specific as to functional limitations than the more recent opinions that merely indicated Plaintiff was "very limited" or "moderately limited," but also that all these opinions seem to suggest a similar level of functioning. (T. 291-92; Dkt. Nos. 15, 16.) Consequently, there is a question as to whether these more recent reports should be considered "new" since they provide little more information than the opinion that was already in the record before the ALJ. However, the ALJ did note that one of the reasons for affording little weight to the January 2014 opinion was because it "was completed just four days after the surgery making it unreliable as a functional assessment." (T. 12.) Since the more recent opinions from Dr. Cho were from a time period further after Plaintiff's surgery, such rationale would not apply for rejecting those opinions, something which argues against a finding that this evidence was not "new." However, the Court need not concretely decide this specific issue, as Plaintiff failed to show that this evidence meets the other factors required to merit a sentence six remand.

Second, Defendant argues that this evidence is not "material" because some of the opinions were rendered at a time after the ALJ's decision and therefore have no bearing on whether Plaintiff was disabled during the relevant period, as well as because there is no evidence to suggest that there was a reasonable possibility that Dr. Cho's additional opinions would have materially changed the outcome of Plaintiff's claim. (Dkt. No. 17, at 7-9 [Def. Mem. of Law].) Whether or not the opinions from 2015 and 2016 could be considered relevant to determining Plaintiff's functioning prior to the ALJ's decision on November 7, 2014, this Court agrees with Defendant that there is no indication that consideration of any of these opinions would have presented a reasonable possibility that the Agency would have altered its decision. As Defendant

notes in her memorandum, the ALJ was able to consider an opinion from Dr. Cho when making his determination, one which was more detailed and specific than those that Plaintiff now submits to this Court. (Dkt. No. 17, at 8 [Def. Mem. of Law].) Although the ALJ did reject that January 2014 opinion in part due to the fact it was provided a mere four days after the surgery to remove a mass from Plaintiff's spine, this fact alone does not suggest that an opinion rendered at a different time would have resulted in the ALJ or the Appeals Council affording more weight to Dr. Cho's conclusions. (T. 12.) The ALJ provided other reasons as to why he found Dr. Cho's opinion merited little weight, such as that it was "drastically contrary to objective medical evidence for both before and after the surgery," and that "post-operative examinations show the claimant doing well." (T. 12-13.) Given that the more recent opinions from Dr. Cho suggest a similar, albeit less detailed, level of functioning as the January 2014 opinion, it is reasonable to surmise that the ALJ would have found the newer opinions to be just as inconsistent with the same treatment evidence.

The ALJ's conclusion that the treatment evidence did not suggest the extent of Dr. Cho's opined limitations is supported by substantial evidence. Most notably, the majority of examinations by Plaintiff's treating sources showed normal gait, normal motor strength, normal reflexes, and normal sensation, and did not suggest any restrictions in range of motion related to Plaintiff's lumbar spine. (*See e.g.*, T. 258, 264, 278, 280, 281, 283, 287, 304, 310, 315-16, 321, 326-27.) Consultative examiner Gilbert Jenouri, M.D., observed that she could not walk on her heels without difficulty and could only squat 40 percent of normal range, but was in no acute distress with a normal gait and stance, and had no use of an assistive device or need for help moving on and off the chair and examination table. (T. 268.) Dr. Jenouri also observed some diminished range of motion in the cervical and lumbar spine, shoulders, elbows, wrists, knees,

9

and hips, a positive seated straight leg raise test, sciatic notch tenderness to palpation, normal deep tendon reflexes and motor strength, and normal hand and finger dexterity with full grip strength. (T. 269-70.) Dr. Jenouri concluded that, based on this examination, Plaintiff had only mild restrictions in her abilities to walk, stand and sit for long periods, bend, climb stairs, lift, and carry. (T. 270.) An x-ray from the date of his examination showed only mild degenerative changes with upper lumbar straightening. (T. 271.) The overall treatment evidence is therefore consistent with the ALJ's rejection of the extent of limitations opined by Dr. Cho in the January 2014 opinion, and with his greater reliance on Dr. Jenouri's opinion. Because no additional treatment evidence was submitted along with the more recent opinions, it would not be reasonable to assume that the ALJ would have found these more recent opinions any more well-supported by the treatment evidence, particularly as they outline a similar level of limitation as the January 2014 opinion. Consequently, there is no evidence to suggest that these more recent opinions are material as defined in this context. *Davidson*, 2013 WL 5278670, at *5.

Third, and last, Defendant is also correct that Plaintiff has not alleged any reasons why she was unable to submit at least some of these opinions to the Agency, either to the hearing ALJ or to the Appeals Council, nor does the record suggest a good reason for this omission. (Dkt. No. 17, at 9-10 [Def. Mem. of Law].) Therefore, Plaintiff has also failed to meet the third requirement for establishing a basis for remand for the consideration of new evidence.

For all of the above reasons, Plaintiff has not satisfied the criteria for a remand for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). Remand therefore is not warranted on this basis. This Court has also carefully considered the rest of the ALJ's findings generally and concludes that they are supported by substantial evidence. The ALJ assessed the RFC in light of the evidence, provided clear and specific reasons for concluding

Plaintiff was not entirely credible, and properly determined that Plaintiff had past relevant work that did not require greater abilities than allowed for in the RFC.  Remand therefore is also not warranted on any alternative basis apart from what was raised in the parties' motions for judgment on the pleadings.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15, 16) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: September 6, 2017
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge